**F I L E D**
Clerk
District Court
JUN 02 2023
for the Northern Mariana Islands
By_____*JP*_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

XIAO PING WANG,

    Plaintiff,

v.

WALLY VILLAGOMEZ, GEORGIA CABRERA, KEN CAMACHO, JACK SABLAN, and MAX CRUZ in their individual and official capacities,

    Defendants.

CIVIL CASE NO. 1:21-cv-00014

**DECISION AND ORDER GRANTING OFFICIAL CAPACITY DEFENDANT'S MOTION TO DISMISS**

## I.   FACTS

Plaintiff Xiao Ping Wang, proceeding pro se, filed his first amended complaint on November 10, 2021. (First Am. Compl., ECF No. 5.) On April 3, 2023, the Court issued its Screening Order finding that Wang's claim for failure to protect passes screening under three alternative theories of liability – 42 U.S.C. § 1983 claim, gross negligence, and unintended emotional distress– against Defendant Commonwealth of the Northern Mariana Islands ("CNMI") Department of Corrections ("DOC") Officer Ken Camacho. (Screening Order 1, ECF No. 7.) The Court held that Wang's "§ 1983 claim of failure to protect may proceed against Camacho in his personal and official capacity" with the caveat that "Defendants may be sued in their official capacities, however, to the extent that Wang seeks injunctive relief to prevent Defendants from causing any ongoing or further injury." (*Id.* at 14.)

Defendant Camacho, in his official capacity only ("Official Capacity Defendant"), filed a Motion to Dismiss the action against him in his official capacity for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 13). The

1

Official Capacity Defendant provided documents reflecting that Wang was released and granted parole on July 19, 2021 (ECF No. 13-2) and completed his sentence and released on January 14, 2022 (ECF No. 13-3). As the Official Capacity Defendant noted in his request to submit the motion without a hearing (Request, ECF No. 16), Wang did not to file an opposition within the time required pursuant to Local Rule 7.1(c)(2). The Court finds that this matter may be decided without oral argument, and issues this decision and order GRANTING the Official Capacity Defendant's motion to dismiss and detailing the rationale. As such, the Court vacates the hearing on this matter currently set for June 8, 2023.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction empowered to hear only those cases authorized by the Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss a case if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Additionally, "federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) (citation omitted).

### A. Facial Attack vs. Factual Attack

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) motions are either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack does not challenge the veracity of the plaintiff's allegations, but instead asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id*. Conversely, a defendant bringing a factual attack disputes the truthfulness of the allegations underlying federal jurisdiction. *Id*.

When considering a facial challenge to subject matter jurisdiction, all factual allegations in the complaint "are taken as true and all reasonable inferences are drawn in [the plaintiff's] favor." *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) (citations omitted).

In contrast, for factual challenges, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. Courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. Once the moving party has presented affidavits or other evidence for its factual motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (citation omitted).

### B. Mootness

"Mootness is a jurisdictional issue[.]" *United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007) (citation omitted). The Constitution dictates that courts are only permitted to decide "actual cases and controversies." *Id.* (citation omitted). "[A] live case or controversy must be 'extant at all stages of review.' . . . Otherwise, the case is moot and must be dismissed." *Id.* (first quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); and then citing *Paulson v. City of San Diego*, 475 F.3d 1047, 1048 (9th Cir. 2007)).

### III. DISCUSSION

At the outset, the Court notes that the screening order distinguishes between the official capacity and personal capacity Defendant Ken Camacho only for the § 1983 claim, and the Official Capacity Defendant's arguments pertain only to the § 1983 claim. Nevertheless, to avoid any confusion, the Court dismisses each of Wang's claims concerning § 1983, gross negligence, and unintentional infliction of emotional distress as it relates to the Official Capacity Defendant's failure to protect for the reasons detailed below.

///

### A. Section 1983 Dismissed for Mootness

As the Court previously noted for Wang's § 1983 claim of failure to protect, "Defendants may be sued in their official capacities, however, to the extent that Wang seeks injunctive relief to prevent Defendants from causing any ongoing or further injury." (Screening Order 14.) When a § 1983 prisoner plaintiff "is no longer incarcerated . . . [his] claim for injunctive relief . . . is moot" and the plaintiff cannot maintain a § 1983 claim against the official capacity defendant. *Moreno v. Pia*, 490 F. Supp. 2d 1055, 1060 (C.D. Cal. 2007) (citations omitted); *see also Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir. 2014) (noting in § 1983 case that the plaintiff's "claims for injunctive and declaratory relief are mooted by his release from prison"). Here, as evidenced by the release sheets that the Official Capacity Defendant provided, Wang was released from DOC after completing his sentence of imprisonment. (*See* ECF No. 13-3.) Thus, his § 1983 claim for injunctive relief against the Official Capacity Defendant is moot and is dismissed.

### B. State Law Claims Dismissed for Lack of Subject Matter Jurisdiction

"As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity[;]" the suit "is *not* . . . against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted). As such, "claims against all official capacity Defendants are treated as claims against the Commonwealth itself." *Norita v. Commonwealth of the N. Mar. I. Dep't of Pub. Safety*, No. 1:18-cv-00022, 2019 U.S. Dist. LEXIS 5376, at *18, 2019 WL 150875, at *6 (D. N. Mar. I. Jan. 10, 2019).

Although "the Commonwealth waived its sovereign immunity with respect to 'suits in federal court arising under federal law[,]'" "the Commonwealth may not be sued without its consent on claims arising under its own laws." *Ramsey v. Muna*, 849 F.3d 858, 860-61 (9th

Cir. 2017) (quoting *Fleming v. Dep't of Pub. Safety*, 837 F.2d 401, 407 (9th Cir. 1988)). "[T]he Commonwealth has enacted a statute that waives its immunity with respect to a limited set of claims arising under Commonwealth law. However, that statute provides that the Commonwealth's own courts 'shall have exclusive original jurisdiction' to hear such claims." *Id.* at 861 (quoting 7 C.M.C. § 2251).[1] In accordance with this principle, the Ninth Circuit in *Ramsey* directed the district court to grant the Commonwealth's motion to dismiss all the claims, which were contract and torts claims under Commonwealth law. *Id.* at 859, 861.

Similarly in a separate case, this Court dismissed claims of assault and battery, intentional infliction of emotional distress, and negligence against the Commonwealth, which had been substituted in for official capacity defendants, based on lack of subject matter jurisdiction. *Norita*, 2019 U.S. Dist. LEXIS 5376, *18-19, 25, 2019 WL 150875, at *6, 8.

Here, the Court lacks subject matter jurisdiction over the claims of gross negligence and negligent infliction of emotional distress over Camacho in his official capacity; those claims are essentially claims against the Commonwealth, which the Commonwealth Superior Court has "exclusive original jurisdiction" over pursuant to 7 C.M.C. § 2251. As such, the Court explicitly dismisses both of Plaintiff' additional gross negligence and negligent infliction of emotional distress claims against Camacho in his official capacity.

//

/

---

[1] In pertinent part, 7 CMC § 2251 provides:

> Except as otherwise provided in article 1 of this chapter (commencing with 7 CMC § 2201), actions upon the following claims may be brought against the Commonwealth government in the Commonwealth Trial Court which shall have exclusive original jurisdiction thereof: . . . (b) Any other civil action or claim against the Commonwealth government founded upon any law of this jurisdiction or any regulation issued under such law, or upon any express or implied contract with the Commonwealth government, or for liquidated or unliquidated damages in cases not sounding in tort.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS the Official Capacity Defendant's motion to dismiss (ECF No. 13). The Court DISMISSES Wang's complaint against the Official Capacity Defendant with prejudice. Official Capacity Defendant's request to submit motion without hearing (ECF No. 16) is DENIED as MOOT.

This decision does not affect the remaining three claims against Defendant Camacho in his personal capacity, especially since the Commonwealth has not filed a notice of substitution pursuant to 7 C.M.C. § 2210.

**IT IS SO ORDERED** this 2nd day of June, 2023.

_____
RAMONA V. MANGLONA
Chief Judge