F I L E D
 Clerk
 District Court
AUG 21 2023
for the Northern Mariana Islands
By_____JP_____
 (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| XIAO PING WANG,<br><br>**Plaintiff,**<br><br>v.<br><br>WALLY VILLAGOMEZ, GEORGIA CABRERA, KENNETH CAMACHO, JACK SABLAN, and MAX CRUZ in their individual and official capacities,<br><br>**Defendants.** | CASE NO. 1:21-cv-00014<br><br>DECISION AND ORDER GRANTING MOTION TO SUBSTITUTE AND DISMISSAL OF CAUSES OF ACTION 2 AND 3 |

## I.  INTRODUCTION

Plaintiff Xiao Ping Wang, proceeding pro se, filed his first amended complaint ("FAC," ECF No. 5). Subsequently, the Court issued a Screening Order (ECF No. 7), determining that Plaintiff's claim against Defendant Officer Kenneth Camacho of the Commonwealth of the Northern Mariana Islands ("Commonwealth") Department of Corrections ("DOC") for failure to protect passed screening based on three alternative theories of liability: a claim under 42 U.S.C. § 1983, gross negligence, and unintended emotional distress. (Screening Order 1.)[1]

On June 6, 2023, Camacho, in his personal capacity, filed a motion to substitute in his stead the Commonwealth, and then dismiss causes of action 2 and 3 (ECF No. 19). The motion is supported by a memorandum of law (Mot., ECF No. 19-1) and a certification of scope of employment and notice of substitution (Certification, ECF No. 19-2) signed by the

---

[1] The FAC names Defendant Ken Camacho; however, the Court ordered all future filings to reflect his full name of Kenneth Camacho pursuant to Camacho's request. (*See* ECF No. 23 at 1 n.1.)

1

Commonwealth's Attorney General Edward Manibusan.[2] Pursuant to Local Rule 7.1(c)(2), Plaintiff's opposition was due June 20, 2023. As Plaintiff did not file a timely opposition and the Court found the matter appropriate for submission on the briefs, the Court vacated the motion hearing. (ECF No. 23.) Over two months after the filing of the motion, Plaintiff filed his opposition (ECF No. 28), to which Defendant replied (ECF No. 30). For the reasons set forth below, the Court GRANTS Camacho's motion to substitute and on this basis DISMISSES causes 2 and 3.

## II.  LEGAL STANDARDS

### A.  Motion for Substitution

A government entity's capacity "to be sued in federal court is determined by the law of the state where the district court is located." *Norita v. Commonwealth*, No. 18-cv-00022, 2019 WL 150875, at *2 (D. N. Mar. I. Jan. 10, 2019) (first citing Fed. R. Civ. P. 17(b); and then citing *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986)). The Commonwealth's Government Liability Act of 1983 ("GLA"), as codified in 7 CMC §§ 2201-2214, aims to safeguard government employees from being held liable for tort claims that arise within the scope of their employment. *Manila v. Guerrero*, No. 1:18-CV-00003, 2022 WL 4588848, at *3 (D. N. Mar. I. Sept. 29, 2022) (citing *Bisom v. Commonwealth*, 2002 MP 19 ¶ 7).[3] The GLA is "the exclusive means 'for claims against all

---

[2] Kenneth Camacho, in his official capacity, was previously dismissed as a defendant from this action. (ECF No. 18.)

[3] The Commonwealth enacted the Government Liability Act of 1983 to limit government liability in tort by repealing Trust Territory Code provisions. *Manila*, 2022 WL 458884, at * 1 n.1 (citing Pub. L. No. 3-51). Subsequently, in 1986, the Public Employee Legal Defense and Indemnification Act of 1986 ("PELDIA") provided further protection to government employees, mitigating the expenses of legal defense and judgments related to on-the-job injuries. *Id.* (citing Pub. L. No. 5-12). After twenty years, PELDIA was replaced by the Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006 *Id.* (citing Pub. L. No. 15-22). As per 7 CMC § 2201(a), CELRTCA may be cited as the Government Liability Act of 1983, as amended. *Id.*

branches of the Commonwealth government'; in other words, the Commonwealth limits its waiver of sovereign immunity to tort actions under the GLA." *Id.* (quoting 7 CMC § 2208(a)). Moreover, "the GLA is the exclusive remedy against the Commonwealth for the tortious acts of Commonwealth employees acting within the scope of their employment." *Id.* (first citing 7 CMC § 2208(b)(1); and then citing *Christian v. Commonwealth*, No. 1:14-CV-00010, 2016 WL 4004574, at *3 (D. N. Mar. I. July 7, 2016)). In general, "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred." 7 CMC § 2208(b)(1).

For a government employee to qualify for the protections under the GLA, the Commonwealth's Attorney General shall "certify that an employee was acting within the scope of employment" by filing a motion to substitute. *Norita*, 2019 WL 150875, at *2, 4 (citing *Kabir v. CNMI Pub. Sch. Sys.*, 2009 MP 19 ¶ 26); *see e.g.,* 7 C.M.C. § 2210. "Upon certification, the government is substituted for the employee in the lawsuit and the proceeding continues in the same manner as any action against the government." *Norita*, 2019 WL 150875, at *2 (citing *Kabir*, 2009 MP 19 ¶ 26). To assert a party's capacity to sue or be sued, a specific denial must be made, accompanied by any supporting facts that are uniquely known to the party. Fed. R. Civ. P. 9(a)(2).

However, "the certification is subject to de novo review in the trial court." *Id.* at *4 (citing *Kabir*, 2009 MP 19 ¶ 31 n.19). The party requesting review of the certification bears the initial burden of proof of "present[ing] evidence sufficient to disprove certification by a preponderance of the evidence." *Id.* (quoting *Kabir*, 2009 MP 19 ¶ 31 n.19). Although hearings are permitted, they "should not be held where certification, pleadings, affidavits, and any supporting documentary evidence do not reveal any disputed issues of material fact

as to scope of employment." *Id.* (quoting *Kabir*, 2009 MP 19 ¶ 31 n.19). "[T]he scope-of-employment determination under 7 CMC § 2210 is governed by the common law as expressed in the Restatement of Agency." *Kabir*, 2009 MP 19 ¶ 39 (citations omitted). Substitution is improper in civil actions against government employees for violations arising under the United States or Commonwealth Constitution, or federal or Commonwealth statute. *Manila*, 2022 WL 4588848, at *3 (citing 7 CMC § 2208(b)(2)). In matters arising within the purview of these exceptions, "substitution of the Commonwealth is 'improper' and 'must be denied regardless of whether [the individual defendants] were acting in their official capacity.'" *Id.* at *4 (quoting *Christian*, 2016 WL 4004574, at *3).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction empowered to hear only those cases authorized by the Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss a case if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) (citation omitted).

### III. DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's tort claims (causes of action 2 and 3) because those claims are all brought against the Commonwealth proper. (*See* Mot. 2.) This argument is grounded in the requested substitution of the Commonwealth for Defendant Camacho, and the ability to sue the Commonwealth in federal court. (*See id.*) For the following reasons, the Court GRANTS Defendant's motion to substitute and then dismisses the second and third causes of action.

//

### A. Motion to Substitute

Defendant requests substitution for the second and third causes of action – gross negligence and unintended emotional distress. Attorney General Manibusan certified that Defendant Camacho "was acting within the scope of his employment as a Correction Officer I at the time of and in connection with the alleged incidents out of which the claims in Plaintiff's First Amended Complaint arose." (Certification 1.) Although Plaintiff filed a belated opposition, he failed to meet his burden to disprove the certification by a preponderance of the evidence. Thus, there are no disputes of material fact as to Camacho's employment.[4] Moreover, the statutory exceptions to the GLA are inapplicable as the causes of action are not premised on a violation of the U.S. or Commonwealth's Constitution, or a federal or Commonwealth statute. (*See* Screening Order 17-22; *see also* FAC ¶¶ 38, 43.) Therefore, substitution is proper – the Court grants the motion for substitution and orders that Defendant Camacho be substituted by the Commonwealth for the second and third causes of action of gross negligence and unintended emotional distress.

### B. Motion to Dismiss

With the court-ordered substitution, the second and third causes of action continue in the same manner as any action against the government. *See Norita*, 2019 WL 150875, at *2 (citation omitted). Although "the Commonwealth waived its sovereign immunity with respect to 'suits in federal court arising under federal law[,]'" "the Commonwealth may not

---

[4] In the FAC, Plaintiff alleged that Camacho was not at his assigned post in violation of Inmates and Correctional Facility Rules and Regulations § 57-20.1-2101, (FAC ¶ 9); however, the more appropriate citation is Inmates and Correctional Facility Rules and Regulations § 57-20.1-2105, which dictates that "[a]n officer shall not leave a duty station during the shift unless given specific permission to do so by the Chief of Corrections or the duty officer." Nevertheless, the Attorney General maintains that Camacho was acting within the scope of his employment. *See also* Restatement (Third) Of Agency § 7.07 cmt. c (Am. L. Inst. 2006) ("Likewise, conduct is not outside the scope of employment merely because an employee disregards the employer's instructions."). But Plaintiff did not assert facts, such as that Camacho was not given permission to leave his duty station, to rebut this certification.

be sued without its consent on claims arising under its own laws." *Ramsey v. Muna*, 849 F.3d 858, 860-61 (9th Cir. 2017) (quoting *Fleming v. Dep't of Pub. Safety*, 837 F.2d 401, 407 (9th Cir. 1988), *overruled on other grounds by Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). "[T]he Commonwealth has enacted a statute that waives its immunity with respect to a limited set of claims arising under Commonwealth law. However, that statute provides that the Commonwealth's own courts 'shall have exclusive original jurisdiction' to hear such claims." *Id.* at 861 (quoting 7 C.M.C. § 2251).[5] In accordance with this principle, the Ninth Circuit in *Ramsey* directed the district court to grant the Commonwealth's motion to dismiss all the claims, which were contract and torts claims under Commonwealth law. *Id.* at 859, 861. Similarly in *Norita*, this Court dismissed claims of assault and battery, intentional infliction of emotional distress, and negligence against the Commonwealth, which had been substituted in for official capacity defendants, based on lack of subject matter jurisdiction. 2019 WL 150875, at *6, 8.

Accordingly, because the Commonwealth was substituted in for Camacho for the second and third causes of action, the Court lacks subject matter jurisdiction over the claims of gross negligence and negligent infliction of emotional distress against the Commonwealth as the Commonwealth Superior Court has "exclusive original jurisdiction" over pursuant to 7 C.M.C. § 2251. As such, the Court dismisses without prejudice Plaintiff's claims of gross negligence and negligent infliction of emotional distress.

---

[5] In pertinent part, 7 CMC § 2251 provides:

> Except as otherwise provided in article 1 of this chapter (commencing with 7 CMC § 2201), actions upon the following claims may be brought against the Commonwealth government in the Commonwealth Trial Court which shall have exclusive original jurisdiction thereof: . . . (b) Any other civil action or claim against the Commonwealth government founded upon any law of this jurisdiction or any regulation issued under such law, or upon any express or implied contract with the Commonwealth government, or for liquidated or unliquidated damages in cases not sounding in tort.

## IV. **CONCLUSION**

Pursuant to the Attorney General's certification, the Court orders that Defendant Camacho be substituted by the Commonwealth for causes of action 2 and 3. Accordingly, Defendant's motion to dismiss causes of action 2 and 3 for lack of subject matter jurisdiction is GRANTED. The following cause of action remains: 42 U.S.C. § 1983 Fourteenth Amendment claim for Camacho's failure to protect Plaintiff.[6]

**IT IS SO ORDERED** this 21st day of August, 2023.

_____
RAMONA V. MANGLONA
Chief Judge

---

[6] Defendant Camacho filed a pending motion for judgment on the pleadings (ECF No. 24) requesting to dismiss this remaining cause of action (ECF No. 24-1 at 2).