FILED
Clerk
District Court
JAN 26 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| XIAO PING WANG,<br><br>Plaintiff,<br>v.<br><br>WALLY VILLAGOMEZ, GEORGIA CABRERA, KENNETH CAMACHO, JACK SABLAN, and MAX CRUZ in their individual and official capacities,<br><br>Defendants. | Case No. 1:21-cv-00014<br><br>**DECISION AND ORDER**<br><br>**(1) DENYING DEFENDANT CAMACHO'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND**<br><br>**(2) DENYING PLAINTIFF WANG'S MOTIONS** |

## I.    INTRODUCTION

Previously, the Court issued its Screening Order for Plaintiff Xiao Ping Wang's ("Wang") First Amended Complaint ("FAC," ECF No. 5) determining that Wang's claim for failure to protect against Defendant Kenneth Camacho passed screening under three theories of liability: 42 U.S.C. § 1983 claim, gross negligence, and unintended emotional distress. (Screening Order 1, ECF No. 7.) The FAC is premised upon inmate Josh Martin's assault of Wang on June 21, 2020. (*Id.* at 3.) Because Wang asserted that he was a pretrial detainee at the time of the assault, (FAC ¶ 9), the Court concluded that the FAC sufficiently alleged a Fourteenth Amendment violation of failure to protect (Screening Order 13). Camacho filed his answer on April 25, 2023. (ECF No. 11.) Pursuant to several decisions dismissing claims, the remaining cause of action is Wang's § 1983 claim against Camacho in his personal capacity. (*See* ECF Nos. 18, 30.)

/ / /

1

On July 19, 2023, Camacho filed a motion for judgment on the pleadings (ECF No. 24) seeking to dismiss the sole remaining cause of action, which is supported by a memorandum of law (Mot., ECF No. 24-1) and criminal judgment of conviction and sentence order from Wang's Commonwealth of the Northern Mariana Islands ("CNMI") Superior Court action (ECF Nos. 24-2–24-4). Since Wang failed to file a timely opposition to the instant motion pursuant to Local Rule 7.1(c)(2), the Court vacated the motion hearing. (ECF No. 32.) Over one month after Camacho filed his motion for judgment on the pleadings, Wang filed a one-page submission that appears to be an opposition to Camacho's motion for judgment on the pleadings, a motion to strike Camacho's motion for judgment on the pleadings, a motion for appointment of legal counsel, and a motion for summary judgment. (Opp'n, ECF No. 33.) For the reasons stated herein, the Court DENIES Camacho's motion for judgment on the pleadings and DENIES Wang's various motions.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Generally, "pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (citations omitted). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The standard for reviewing a 12(c) motion for judgment on the pleadings is "substantially identical" to the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fleming*, 581 F.3d at 925. However, conclusory allegations and "formulaic

2

recitations of the elements of a cause of action" are insufficient to state a plausible claim. *Chavez*, 683 F.3d at 1108 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *see* Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (reviewing a Rule 12(b)(6) motion).

### III. DISCUSSION

Camacho requests judgment on the pleadings because Wang "was an inmate, not a pretrial detainee and therefore the proper inquiry of his First Amended Complaint ("FAC") should be under the Eighth Amendment" and his "allegations fail as a matter of law as Wang only speculates that he was at a substantial risk of serious harm and that Officer Camacho was aware of that risk and was deliberately indifferent to it." (Mot. 2.) Before turning to the merits of Camacho's motion, the Court first addresses two procedural issues.

#### A. Wang's Opposition

Since Wang is presently proceeding pro se, the Court takes this opportunity to remind him that an opposition to a motion is due *fourteen days* after service of the motion. LR 7.1(c)(2). This is the second time that Wang has filed an opposition *after* the deadline. When a party files an untimely opposition, the Court may disregard and strike the filing, as well as deem the failure to timely file an opposition as "an admission that the motion is meritorious." *Id.* At this time, the Court exercises its discretion and considers Wang's untimely opposition, which also contains various motions.

### B. Judicial Notice

Next, the Court considers whether to take judicial notice of Wang's CNMI Superior Court proceedings.[1] A "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Other courts' proceedings, even outside the federal judicial system, may be judicially noticed "if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citations omitted). Here, Wang's CNMI Superior Court action has a direct relation to the instant case as it dictates whether Wang's claim is analyzed under the Eighth Amendment or Fourteenth Amendment. Thus, the Court takes judicial notice of Wang's CNMI Superior Court proceeding, in particular, the judgment of conviction and the sentencing and commitment order (ECF Nos. 24-2–24-4). *See Lopez v. Swope*, 205 F.2d 8, 9 n.2 (9th Cir. 1953) (taking judicial notice of case, "which set forth the indictment, conviction and sentences for escape and assault herein referred to").

### C. Camacho's Motion for Judgment on the Pleadings

Even treating Wang as an inmate for the purposes of analyzing his FAC, his claim does not fail under the Eighth Amendment analysis for failure to protect. Prison officials are liable in a failure to protect claim only if two requirements are met: "[f]irst, objectively viewed, the prison official's act or omission must cause 'a substantial risk of serious harm'" and "[s]econd, the official

///

//

---

[1] When Camacho's counsel first filed his motion for judgment on the pleadings, he cited to these CNMI Superior Court orders, yet neglected to provide the Court with copies. Only after the Court's request did counsel provide such documents. Camacho's counsel is reminded that cited cases or authorities unavailable on LexisNexis or Westlaw must be attached as an exhibit to the pleading. *See* LR 5.2(b).

must be subjectively aware of that risk and act with 'deliberate indifference to inmate health or safety.'" *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839-40 (1994)). As to the first requirement, "it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harm." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013). For example, inadequate staffing can create an objective risk of substantial harm that is sufficient to satisfy the objective prong. *Id.* As to the second requirement, deliberate indifference in this context requires "something more than mere negligence." *Cortez*, 776 F.3d at 1050. The subjective inquiry is two-fold: first, the inmate "must demonstrate that the risk was obvious or provide other circumstantial or direct evidence that the prison official[] was aware of the substantial risk" and second, the inmate "must show that there was no reasonable justification for exposing the inmate[] to the risk." *Lemire*, 726 F.3d at 1078.

With the instant case, Wang pleads sufficient facts in his FAC to satisfy the first element that there was a substantial risk of serious harm. Previously, this Court found that the FAC did state a claim for a Fourteenth Amendment violation for failure to protect, whose elements include the existence of "conditions [that] put the plaintiff at *substantial risk of suffering serious harm*." (*See* Screening Order 12-13 (emphasis added) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (2016) (en banc)); *see also* ECF No. 3 (concluding that Camacho's absence from his duty station during the time of the assault "may constitute an objective risk of substantial harm" within context of Eighth Amendment analysis (citing *Lemire*, 726 F.3d at 1078)).) Camacho has not provided authority to rebut this finding. Instead, Camacho's cited authority supports, rather than undermines, a conclusion that the FAC adequately pleads a substantial risk of serious harm.

/ / /

/ /

In *Bartnett v. Fisher*, the court concluded that the violation of a prison's procedure of escorted trips to and from the dining hall was insufficient to demonstrate a substantial risk of serious harm on the date of the assault as the plaintiff there did not demonstrate that the assaulting inmate "was particularly assaultive or aggressive, or that inmate assaults were commonplace during dining-hall release." No. 1:17-cv-01361, 2020 WL 7182087, at *4 (E.D. Cal. Dec. 7, 2020)*, report and recommendation adopted,* 2021 WL 598536 (E.D. Cal. Feb. 16, 2021). With the instant case, Martin, the assaulter, notified Camacho, various supervisors, and a counselor, and wrote numerous sick calls regarding his anxiety and irritation and that this condition caused him to have "violent outburst". (Martin Decl., ECF No. 5-1.) Therefore, the Court concludes that Wang has alleged sufficient facts to support a plausible finding that there was an objective risk of substantial harm.

The second prong of Wang's claim necessitates showing that Officer Camacho was subjectively aware of the substantial risk of harm and deliberately indifferent to it. Martin, who assaulted Wang, states that he specifically informed Camacho that his medication was "causing me anxiety and irritation" and informed other supervisors and individuals of this risk to no avail, which "caused matters worse as my condition progressed and cause me [sic] violent outburst." (Martin Decl.) Martin expresses remorse but notes that "the incident could have been prevented had [the CNMI Department of Corrections] heeded my pleas for help." (*Id.*) Bearing in mind that pro se pleadings are to be construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), that all factual allegations are construed in the light most favorable to plaintiff as the non-moving party in this motion for judgment on the pleadings, *Fleming*, 581 F.3d at 925, and that this subjective element may be demonstrated through circumstantial evidence and inferences, *Lemire*, 726 F.3d at 1078, the Court finds that the FAC sufficiently alleges deliberate indifference. First,

///

//

Camacho was on notice of at least Martin's anxiety and irritation, and it is reasonable to infer the obvious risks of leaving inmates with mental health issues, such as Martin, unsupervised, *Lemire*, 726 F.3d at 1077-78. Second, Camacho left his duty post station in contravention of Inmates and Correctional Facility Rules and Regulations § 57-20.1-2105, which dictates that "[a]n officer shall not leave a duty station during the shift unless given specific permission to do so by the Chief of Corrections or the duty officer."[2] Despite Camacho being aware of the substantial risk that Martin posed, Camacho left Martin unsupervised when he abandoned his post.[3] Thus, Wang's allegations meet the legal standard of deliberate indifference required for an Eighth Amendment claim.

In sum, the FAC adequately pleads an Eighth Amendment violation of failure to protect. Thus, Defendant Camacho's motion for judgment on the pleadings is therefore DENIED.

**D. Wang's Motions**

Because the Court denied Camacho's motion for judgment on the pleadings, Wang's motion to strike Camacho's motion for judgment on the pleadings is DENIED as MOOT. Moreover, Wang's motion for additional relief lacks any facts or authority to support the requests. Even liberally construing the submission, the Court is unable to ascertain the basis for the requests. Therefore, the Court DENIES Wang's motion for summary judgment and motion for appointment of counsel.[4]

///

---

[2] The FAC erroneously cites to Inmates and Correctional Facility Rules and Regulations § 57-20.1-2101. (FAC ¶ 9.)

[3] Contrary to Camacho's assertion, Wang does not need to demonstrate that Camacho knew that Martin would assault Wang in particular. The Supreme Court has noted that "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

[4] Wang previously requested appointment of counsel when he filed his FAC, but the Court denied the motion then as he failed to satisfy the standard for appointment of counsel. (Screening Order 25.) The Court also denies the instant motion for appointment of counsel for similar reasons detailed in its prior decision denying Wang's prior motion for appointment of counsel.

### IV. CONCLUSION

Based on the foregoing, the Court DENIES Camacho's motion for judgment on the pleadings (ECF No. 24) and DENIES Wang's motions for various relief (ECF No. 33).

IT IS SO ORDERED this 26th day of January 2024.

_____
RAMONA V. MANGLONA
Chief Judge